IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**J. JESUS VIVEROS GUZMAN**,

    Petitioner,

v.

**UNITED STATES OF AMERICA**,

    Respondent.

Case No. 3: 12-cr-0291-09-SI

**OPINION AND ORDER**

J. Jesus Viveros Guzman, No. 68809-097, United States Penitentiary-Lompoc, 3901 Klein Blvd. Lompoc, CA 93436. *Pro se* Petitioner.

S. Amanda Marshall, United States Attorney and Geoffrey A. Barrow, Assistant United States Attorney, District of Oregon, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for Respondent.

**Michael H. Simon, District Judge.**

    Before the Court is petitioner J. Jesus Viveros Guzman's ("Guzman") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Dkt. 273. For the following reasons, the motion is DENIED.

## STANDARDS

    Section 2255 permits a prisoner in custody under sentence to move the court that imposed the sentence to vacate, set aside, or correct the sentence on the grounds that:

PAGE 1 – OPINION AND ORDER

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255(a).

Under Section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section '[u]nless the motions and the files and records of the case *conclusively show* that the prisoner is entitled to no relief.'" *United States v. Baylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255). In determining whether a Section 2255 motion requires a hearing, "[t]he standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (citation and quotation marks omitted). A district court may dismiss a Section 2255 motion based on a facial review of the record "only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'" *Id.* at 1062-63 & n.3 (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)); *see also United States v. Mejia-Mesa*, 153 F.3d 925, 931 (9th Cir. 1998); *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980). Conclusory statements in a Section 2255 motion are insufficient to require a hearing. *Hearst*, 638 F.2d at 1194.

## BACKGROUND

On June 5, 2012, a federal grand jury issued an indictment charging Guzman with Conspiracy to Distribute Heroin, Methamphetamine and Use Communication Facilities and Conspiracy to Violate the Travel Act, as well as including a criminal forfeiture allegation. On February 13, 2013, a superseding indictment was issued, charging Guzman with the additional crime of Possession with Intent to Distribute Methamphetamine.

PAGE 2 – OPINION AND ORDER

On August 12, 2013, Guzman pleaded guilty to Count 4 of the Superseding Indictment, Possession with Intent to Distribute Methamphetamine. The remaining counts against Guzman were dismissed. In the Petition to Enter Plea of Guilty, Certificate of Counsel, and Order Entering Plea (Dkt. 205), Guzman acknowledged that conviction of a crime can result in consequences in addition to imprisonment, including deportation and denial of naturalization. In his Plea Agreement (Dkt. 206), Guzman expressly waived his right to appeal as well as his right to file a collateral attack on his conviction, including any motion under 28 U.S.C. § 2255 except for one based on the grounds of ineffective assistance of counsel or as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

On December 3, 2013, Guzman was sentenced to 35 months for Count 4, followed by a period of five years of supervised release, and the mandatory special assessment fee.

On June 16, 2014, Guzman timely filed this post-conviction motion pursuant to 28 U.S.C. § 2255. Guzman petitions to vacate, set aside, or correct his sentence on the basis that he believes that he can apply for United States citizenship and that his status as a citizen would impact his sentence.

## DISCUSSION

As an initial matter, Guzman waived his right to bring a motion under 28 U.S.C. § 2255, with only a few exceptions that are not applicable here. An express waiver of the right to appeal or to collaterally attack a sentence is valid if made voluntarily and knowingly, and not based on an argument of ineffective assistance of counsel. *See Washington v. Lampert*, 422 F.3d 864, 869-70 (9th Cir. 2005). Here, Guzman makes no argument that he did not enter into the plea agreement voluntarily and knowingly and there is no evidence in the record supporting such an argument. To the contrary, the plea agreement was translated into Spanish and Guzman acknowledged that he had carefully read "every part" of the agreement and that he understood

PAGE 3 – OPINION AND ORDER

and agreed to its terms. He consulted with counsel on his plea agreement and the Court found at Guzman's change of plea hearing that he entered into the plea agreement knowingly and voluntarily. Thus, Guzman's waiver of his right to bring a § 2255 motion such as the pending motion is valid and the Court denies the pending motion.

Even if the Court were to consider the pending motion on the merits, Guzman's argument that he is entitled to become a United States citizen and that becoming a United States citizen would require his sentence to be vacated, set aside, or corrected is without merit. As Guzman acknowledged in his plea petition, conviction of the underlying crime precludes him from becoming a United State citizen. Guzman offers no specific factual allegations or argument as to why he would be entitled to United States citizenship despite his felony conviction or why, even he were to become a United States citizen, his citizenship status would require the Court to vacate, set aside, or correct his sentence. Thus, Guzman fails to state a claim on which relief could be granted. *Withers*, 638 F.3d at 1062.

## CONCLUSION

Guzman's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Dkt. 273) is DENIED.

**IT IS SO ORDERED**.

DATED this 1st day of August, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge